IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| CRAIG LATWAIN CHESTNUT,   #333070, | ) | Civil Action No. 3:10-1784-RMG-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| ANGELINA L. BROWN, DHO; | ) | |
| DONOVAN GREEN; AND | ) | |
| JAMES TOLLISON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff, Craig Chestnut, filed this action on July 16, 2010.[1] He is an inmate (youthful offender) at the Turbeville Correctional Institution of the South Carolina Department of Corrections ("SCDC"). On January 26, 2011, Defendants filed a motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on January 26, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed an affidavit on January 31, 2011,[2] and a response to the motion for summary judgment on February 8, 2011.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

[2] To the extent that this pleading is a motion for a pretrial hearing, it is denied. The undersigned has determined that the record concerning the pending motion is adequate and there is no need for a hearing. To the extent that Plaintiff requests a hearing to discuss discovery, the motion is also untimely. Discovery ended in this action on January 12, 2011. See Doc. 14 (Scheduling Order).

**DISCUSSION**

Plaintiff claims that on May 3, 2010, he was struck by water thrown by another inmate. Plaintiff began to fill his cup to retaliate, and Officer Tollison instructed Plaintiff to empty the cup. See Complaint at 3-4. While escorting Plaintiff back to his cell, Officer Green used chemical munitions to break up the water fight[3] and restore order. See Incident Report (attached to Complaint and Defendants' Motion for Summary Judgment). Plaintiff was charged with violating offense code 813 (throwing of any substance or object on an SCDC employee, contract employee, or volunteer). A hearing was held on May 20, 2010. The Hearing Officer found that Plaintiff was guilty of violating offense code 824 (threatening to inflict harm, physical or otherwise/assault on another inmate), which Defendants assert was a lesser charge. See May 20, 2010 Disciplinary Report and Hearing Record and May 21, 2010 Step 1 Appeal (attached to Defendants' Motion for Summary Judgment). Plaintiff was placed in disciplinary detention for 90 days, and had some of his privileges restricted for 90 days.

Plaintiff appears to allege that his due process rights were violated as to his disciplinary hearing. Defendants contend that they are entitled to summary judgment because: (1) the actions/inactions claimed by Plaintiff do not rise to the level of a constitutional violation and Plaintiff did not suffer any infringement of constitutional and/or federal rights, privileges, or immunities; (2) Defendants are entitled to qualified immunity; (3) Defendants are entitled to Eleventh Amendment immunity; (4) Defendants are not "persons" subject to suit under 42 U.S.C. § 1983; (5) Defendants

---

[3]Although Plaintiff states that chemical munitions were used, there is no indication that he has asserted an excessive force claim. Further, there is no indication that he exhausted his administrative remedies as to any such claim.

2

are entitled to any and all defenses available to them pursuant to the South Carolina Tort Claims Act; and (6) Defendants are entitled to summary judgment on any claims construed as state law claims.

1.  Due Process

Plaintiff appears to allege that his due process rights were violated because he was not convicted on the charges which were brought against him, but was convicted of a different charge. Defendants contend that Plaintiff has not demonstrated how the alleged actions violated his constitutional rights and caused him injury. They argue that Plaintiff's claims concerning his disciplinary proceedings are barred by Heck v. Humphrey. Defendants also argue that Plaintiff suffered no loss of good-time credits and he received all the process he was due.

Plaintiff's claims concerning his disciplinary proceeding are barred by Heck v. Humphrey, 512 U.S. 477 (1994)[4] and Edwards v. Balisok, 520 U.S. 641 (1997)(Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); see also Kerr v. Orellana, 969 F. Supp. 357 (E.D.Va. 1997)(holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck). He has not shown he successfully attacked his disciplinary hearing conviction. Plaintiff cannot maintain a § 1983 action, whether for restoration of good-time credits, monetary damages, or injunctive relief related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding. Here, the awarding of damages and/or injunctive relief to

---

[4]The Supreme Court, in Heck v. Humphrey, 512 U.S. 477 (1994) determined that where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and until he successfully attacks the conviction on which his suit is based.

Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus his claims are barred under Heck and Edwards.

Even if Plaintiff's due process claims are not barred, he fails to show that his rights were violated. Where a prison disciplinary hearing may result in the loss of good-time credit, Wolff v. McDonnell, 418 U.S. 539 (1974), holds that due process requires the following:

1. Giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;

2. Providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3. Allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. Permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. Providing impartial fact finders.

Wolff, 418 U.S. at 563-576.

Plaintiff fails to show that his rights were violated because he did not suffer a loss of good-time credits, only the loss of privileges and placement in disciplinary detention. See Plaintiff's Disciplinary Report and Hearing Record (attachments to Defendants' motion for summary judgment). The due process procedures required by Wolff and its progeny are not required unless the challenged discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995)(rejecting inmate's

claim that either the Constitution or Hawaii statutes required due process for placement in disciplinary segregation).

Plaintiff fails to show a constitutional violation concerning his custody placement. Generally, prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)(no constitutional right under the Due Process Clause to a particular security classification or prison placement). An inmate does not have a constitutional right to be confined in a particular location. See Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). In Sandin, the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 483. In Sandin, the Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485. Under the analysis set forth in Sandin, Plaintiff cannot show that he has a protected liberty interest in his security or custody classification. Id. at 483-85; see Backey v. South Carolina Dep't. of Corrections, 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996)[Table](allegations of wrongful placement in administrative segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights); Joseph v. Gillespie, 73 F.3d 357, 1995 WL 756280 (4th Cir. December 21, 1995)[Table]("Administrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure."); Reffritt v. Nixon, 917 F. Supp. 409, 412

(E.D.Va. 1996)(plaintiff has no protected interest in remaining in or being released into general population), aff'd, 121 F.3d 699 (4th Cir. 1997).[5]

Plaintiff also fails to show that he has a protected liberty interest in making phone calls.  See U.S. v. Alkire, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr.10, 1996)(no constitutional right to the use of a telephone in prison); Hadley v. Peters, 70 F.3d 117 (7th Cir. 1995)[Table]("The denial of telephone privileges for ten days is not a matter of constitutional dimension."), cert. denied, 517 U.S. 1111 (1996); May v. Baldwin, 895 F. Supp. 1398, 1409 (D.Ore. 1995)(brief suspension of television and telephone privilege does not amount to constitutional violation), aff'd, 109 F.3d 557 (9th Cir. 1997), cert. denied, 522 U.S. 921 (1997).  Prisoners do not have an affirmative constitutional right to visitation.  White v. Keller, 438 F.Supp. 110, 115 (D.Md.1977)(but leaving open the possibility that a permanent ban on all visitation could implicate the Eighth Amendment), aff'd, 588 F.2d 913 (4th Cir.1978); see also Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461, (1989) (finding no right to visitation guaranteed by the Due Process Clause).  Canteen access is also not a protected liberty interest.  See e.g. Madison v. Parker, 104 F.3d 765, 768 (5th Cir.1997) (holding that commissary restrictions did not entitle inmate to due process protections during disciplinary proceeding); Bennett v. Cannon, No. 2:05-2634-GRA, 2006 WL 2345983, at *2 (D.S.C. Aug.10, 2006) ("[t]here is simply no freestanding constitutional right to canteen privileges at all").

---

[5]In his memorandum in opposition, Plaintiff appears to claim that his placement in disciplinary segregation violated his constitutional rights because another inmate attacked him.  Any failure to protect claim, however, is not properly before the court, as Plaintiff did not raise it in his Complaint.

Plaintiff may be attempting to argue that his placement in disciplinary detention affected his possibility for parole. The Constitution itself does not create a protected liberty interest in the expectation of early release on parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Jago v. Van Curen, 454 U.S. 14, 18-20 (1981)(mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7. "It is therefore axiomatic that because...prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995 (1997).

    2.    Immunity

Defendants contend that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

7

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Thus, Defendants are entitled to Eleventh Amendment immunity from damages in their official capacities.

Defendants also contend that they are entitled to qualified immunity in their individual capacities. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Id. at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995).  As discussed above, Plaintiff has failed to show that Defendants violated any of his clearly established constitutional or statutory rights.  Therefore, Defendants are entitled to qualified immunity in their individual capacities.

     3.     State Law Claims

It is unclear whether Plaintiff is attempting to assert any state law claims.  As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), only his state law claims would remain.  Thus it is also recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any remaining state law claims be dismissed.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 18) be **granted**.

                                        _____
                                        Joseph R. McCrorey
                                        United States Magistrate Judge

April 1, 2011
Columbia, South Carolina

    **The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).