IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Craig Latwain Chestnut | ) | Civil Action No. 3:10cv-1784-RMG-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Angelina L. Brown, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that Defendants' motion for summary judgment be granted. (Dkt. No. 29). The Plaintiff has objected. After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

## Analysis

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

1

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff appears to allege that his due process rights were violated because he was not convicted on the charges brought against him, but was convicted of a different charge. However, Plaintiff's claims concerning his disciplinary proceeding are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997) (*Heck* precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits). At the case at bar, Plaintiff has not shown he successfully attacked his disciplinary hearing conviction. Thus, Plaintiff cannot maintain a § 1983 action, whether for restoration of good-time credits, monetary damages, or injunctive relief related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding. Here, the awarding of damages and/or injunctive relief to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus his claims are barred under *Heck* and *Edwards*.

Even if Plaintiff's due process claims are not barred, he fails to show that his rights were implicated or violated as provided by *Wolff v. McDonnell*, 418 U.S. 539 (1974). Here, Plaintiff fails to show that his rights were violated because he did not suffer a loss of good-time credits, only the loss of privileges and placement in disciplinary detention. Thus, the due process procedures required by *Wolff* and its progeny are not required unless the challenged discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

*Sandin v. Conner*, 515 U.S. 472, 483 (1995) (rejecting inmate's claim that either the Constitution or Hawaii statutes required due process for placement in disciplinary segregation).

Plaintiff also fails to show a constitutional violation concerning his custody placement. Generally, prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (no constitutional right under the Due Process Clause to a particular security classification or prison placement). A change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 483. Here, under the rigors of *Sandin*, Plaintiff cannot show that he has a protected liberty interest in his security or custody classification. *Id.* at 483-85; *see also Backey v. South Carolina Dep't. of Corrections*, 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996) (allegations of wrongful placement in administrative segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights). In addition, Plaintiff fails to show that he has a protected liberty interest in making phone calls—no such right exists. *See U.S. v. Alkire*, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr.10, 1996) (no constitutional right to the use of a telephone in prison).

Defendants contend that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that

the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Id.* at 66. The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. *Id.* at 70. The Court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. Thus, pursuant to *Will*, Defendants are entitled to Eleventh Amendment immunity from damages in their official capacities.

Defendants also contend that they are entitled to qualified immunity in their individual capacities. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a

4

reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." *Wiley v. Doory*, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824 (1995). Plaintiff has failed to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

Finally, in the event any of Plaintiff's claims could be viewed as attempting to raise state law claims, this Court declines to exercise supplemental jurisdiction over any potential state law claims.

## Conclusion

Based on the above, Defendants' motion for summary judgment is granted. (Dkt. No. 18).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 20, 2011
Charleston, South Carolina

5